**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **SARA CATALINA RALIOS-SIMELOJ** | **CIVIL ACTION NO. 26-505-P** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **BRIAN ACUNA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause (Doc. 3) filed by Sara Catalina Ralios-Simeloj, ("Petitioner").  Petitioner is an immigration detainee at the Richwood Correctional Center seeking release from detention.  According to the habeas petition (Doc. 1), Petitioner is a native and citizen of Guatemala who entered the United States in or about December 2017 through the Rio Grande River.  She encountered immigration officials at the border and was detained.  After approximately 20 days, she was released into the interior of the United States on conditional parole.  Petitioner was required to attend check-ins with ICE officials and was told that if she failed to do so a warrant would be issued for her arrest.  Petitioner appeared for a check-in and was detained by ICE officials.  She is charged with entering the United States without admission or inspection.

Petitioner filed for a bond hearing but was denied a hearing for being in the wrong court.  She has not refiled for a bond hearing because she thinks the immigration judges in the LaSalle Immigration Court believe all persons who entered the United States without inspection are bound by 8 U.S.C.§1225 mandatory detention clauses.

Petitioner argues that the application of §1225(b)(2) to her unlawfully mandates her continued detention and is a violation of the INA.  She also argues that the application of §1225(b)(2) to her violates 8 C.F.R. §§ 236.1, 1236.1, 1003.19.  She argues that her continued detention violates her Fifth Amendment due process rights.  She argues that the previous finding of an immigration judge to dismiss the removal case against her further underlines that her continued detention without an opportunity for a bond hearing is unjustified.  In her habeas petition, Petitioner is seeking her immediate release, or in the alternative, a bond hearing within seven days.

 In this Motion to Show Cause (Doc. 3), Petitioner asks the court to order Respondents to respond to her habeas petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."  Danforth v. Minnesota, 552 U.S. 264, 278 (2008).  The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL

4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc. 3) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order.  Petitioner shall have **seven days** to reply.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

**THE CLERK IS INSTRUCTED** to provide a copy of this Order to the Civil Chief in the United States Attorney's Office for the Western District of Louisiana and grant her access to the pleadings.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 4th day of March 2026.

Mark L. Hornsby
U.S. Magistrate Judge